**IN THE UNITED STATES DISTRICT COURT
FORTHE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg**

**PAUL CASTO,**

        Petitioner,

v.                                      Crim. Action No.   1:18-CR-46-2
                                        Civil Action No.   1:20-CV-45

**USA,**

        Respondent.

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On March 13, 2020, Paul Casto ("petitioner"), proceeding *pro se*, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action Number 1:20-CV-45 Doc. 1; Criminal Action Number 1:18-CR-46-2 Doc. 895].[1]  Because the petition was not on the court-approved form, the Court issued a Notice of Deficient Pleading, and petitioner re-filed his petition on the court form on April 2, 2020.  [Doc. 900].  On November 13, 2020, the Court directed the respondent to file an answer.  [Doc. 969].  Respondent filed an Answer on December 21, 2020, in which it argues the petition should be denied.  [Doc. 986].  Finally, the Court notes that there are two motions pending asking the Court to appoint counsel for the habeas proceedings. [Docs. 985 & 1018].  The matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2.  For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss the petitioner's motion.

---

[1] From this point forward, all document numbers refer to petitioner's criminal action.

1

## II. PROCEDURAL HISTORY

### A. Conviction and Sentence

On September 18, 2018, petitioner was charged with conspiracy to distribute methamphetamine, aiding and abetting the distribution of methamphetamine within 1000 feet of a Protected Location, and distribution of methamphetamine. On May 1, 2019, petitioner appeared before the undersigned for a plea hearing at which he entered a plea of guilty pursuant to a plea agreement to Count 30 of the Indictment, distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c). On November 25, 2019, petitioner was sentenced to a term of 108 months imprisonment.

### B. Appeal

Petitioner did not file an appeal from the judgment of his conviction.

### C. Federal Habeas Corpus

On March 13, 2020, petitioner filed the instant petition. As set forth above, the petitioner re-filed his petition on the court-approved form on April 2, 2020, and the respondent filed an answer on December 21, 2020. In his petition, petitioner raises several claims of ineffective assistance of counsel and one claim of prosecutorial misconduct. In his first ground, petitioner claims that the prosecutor misrepresented the purity level of the methamphetamine for one of the sales in question. In his second ground, petitioner claims that his attorney, Lisa Green, was ineffective for failing to argue against the prosecutor's statements regarding purity. Petitioner also claims that he asked his counsel to file an appeal but that she did not respond. In his third ground, petitioner argues that he received ineffective assistance of counsel from his earlier attorney, Darrell Ringer, because Ringer made contradicting statements at a hearing and also because he

lost a copy of a plea agreement. Finally, in his fourth ground, petitioner argues that Ringer was ineffective because petitioner asked him to file a motion to have discovery sealed but that Ringer refused to file the requested motion.

### III.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a prisoner may file a motion challenging the sentence imposed by a federal court, "if (1) the sentence violates the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum; or (4) the sentence 'is otherwise subject to collateral attack.'" **Beyle v. United States**, 269 F. Supp. 3d 716, 725 (E.D. Va. 2017) (quoting 28 U.S.C. § 2255(a)). "A sentence is 'otherwise subject to collateral attack,' if a petitioner shows that the proceedings suffered from 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id*. (quoting **United States v. Addonizio**, 442 U.S. 178, 185 (1979)). "A petitioner bears the burden of proving one of those grounds by a preponderance of the evidence." *Id*. (citing **Miller v. United States**, 261 F.2d 546, 547 (4th Cir. 1958)). "If he satisfies that burden, the court may vacate, set aside, or correct the sentence." *Id*. (citing 28 U.S.C. § 2255(b)). "However, if the motion, when viewed against the record, shows that the petitioner is entitled to no relief, the court may summarily deny the motion." *Id*. (citing **Raines v. United States**, 423 F.2d 526, 529 (4th Cir. 1970)).

Finally, this Court notes that pro se allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Hudspeth v. Figgins**, 584 F.2d 1345, 1347 (4th Cir. 1978).

## IV.    ANALYSIS

**A.    Petitioner's Motions for Appointment of Counsel should be denied because there is no right to appointed counsel in habeas proceedings.**

Before turning to the arguments set forth in the instant petition, the undersigned notes that pending before this Court are two Motions for appointment of counsel for petitioner's § 2255 petition. [Docs. 985 & 1018]. Having reviewed the Motions, this Court finds that appointing counsel for the habeas petition is not warranted. The Fourth Circuit Court of Appeals has recognized that "[t]here is no right to counsel in post-conviction proceedings." *Hagie v. Pinion*, 995 F.2d 1062 (4th Cir. 1993) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 556-57 (1987)). In *Pennsylvania v. Finley*, the Supreme Court stated "the equal protection guarantee of the Fourteenth Amendment does not require the appointment of an attorney for an indigent appellant just because an affluent defendant may retain one. 'The duty . . . under our cases is not to duplicate the legal arsenal that may be privately retained by a criminal defendant in a continuing effort to reverse his conviction, but only to assure the indigent defendant an adequate opportunity to present his claims . . . .'" 481 U.S. at 556 (quoting *Ross v. Moffitt*, 417 U.S. 600, 616 (1974)). Petitioner has not shown that the appointment of counsel is appropriate in this case and these motions should be denied.

**B.    Petitioner's claim of prosecutorial misconduct is without merit because the prosecutor did not misstate the tested purity level.**

In his first ground raised, petitioner argues that the prosecutor misrepresented the facts of the case by stating that the "purity level for one sale was 114%." In his next ground, he also makes reference to the fact that one of the reports stated a purity level of 11%. Petitioner's recitation of the facts is mistaken. At sentencing, the prosecutor made

reference to quantities of methamphetamine which were "at a minimum, 90 percent pure. Just really, really pure meth." [Doc. 986-1 at 15]. Petitioner's counsel responded by raising the fact that the methamphetamine related to the sale petitioner pleaded guilty to was only 11 percent pure. [Id. at 17]. The prosecutor replied by pointing out that the other sample tested, related to another count not included in the plea agreement, was "like a 100 or 99, or something ridiculous, percent." [Id. at 17–18]. Indeed, the report in question listed the substance purity at "100% ± 4%." [Doc. 986-2]. Accordingly, the prosecutor's statements regarding the report at sentencing were accurate and there is no basis to find that the prosecutor acted improperly.

**C.     Petitioner is unable to establish his claims for ineffective assistance of counsel.**

In petitioner's remaining grounds, he puts forward several alleged errors which he contends amount to ineffective assistance of counsel. Criminal defendants have a Sixth Amendment right to effective legal assistance. ***Strickland v. Washington***, 466 U.S. 668, 687 (1984). To establish that counsel's assistance was not reasonably effective, a defendant must satisfy a two-prong analysis: first, he must show both that counsel's performance fell below an objective standard of reasonableness and, second, that he was prejudiced by counsel's alleged deficient performance. ***Strickland***, 466 U.S. at 669.

When considering the reasonableness prong of ***Strickland***, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689; *see also* ***Gray v. Branker***, 529 F.3d 220, 228–29 (4th Cir. 2008). "The performance of counsel is measured in terms of 'reasonableness under prevailing professional norms.'" ***Gray***, 529 F.3d at 228 (quoting ***Strickland***, 466 U.S. at 688). The court must judge counsel "on the facts of the particular case," and assess counsel's

performance "from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

To satisfy the prejudice prong of *Strickland*, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

The first *Strickland* prong requires the petitioner to "'show that counsel's representation fell below an objective standard of reasonableness' measured by 'prevailing professional norms.'" *Lewis v. Wheeler*, 609 F.3d 291, 301 (4th Cir. 2010) (quoting *Strickland*, 466 U.S. at 688). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. When making an ineffective assistance of counsel determination, a court must consider "the practical limitations and tactical decisions that counsel faced." *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir.1991).

The second prong of *Strickland* requires the petitioner to show that counsel's errors were serious enough to deprive the petitioner of a fair trial. *Strickland*, 466 U.S. at 687. In essence, the petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. If it is clear the petitioner has failed to satisfy either prong of the *Strickland* standard, a court need not inquire into whether he satisfied the other.

As Judge Hollander stated so well in *Wilson v. United States*, 2016 WL 1366024, at *12–13 (D. Md. April 6, 2016) (Hollander, J.):

First, the petitioner must show that his attorney's performance fell "below

6

an objective standard of reasonableness," measured by "prevailing professional norms."  *Strickland*, 466 U.S. at 688.  This is known as the "performance prong" of the test, which relates to professional competence.  In this regard, the petitioner must establish, by a preponderance of the evidence, that "'counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment.'"  *Harrison v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 687).

The performance prong is "'difficult'" to establish. *Lawrence v. Branker*, 517 F.3d 700, 709 (4th Cir. 2008) (quoting *James v. Harrison*, 389 F.3d 450, 457 (4th Cir. 2004)).  "Keenly aware of the difficulties inherent in evaluating counsel's performance, the Supreme Court has admonished that courts 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance'" *Branker*, 517 F.3d at 708 (quoting *Strickland*, 446 U.S. at 689); *see Harrington* [*v. Richter*], 562 U.S. at 104 [(2011)]; *Lee v. Clarke*, 781 F.3d 114, 122 (4th Cir. 2015).  Indeed, "the *Strickland* standard must be applied with scrupulous care."  *Harrington*, 562 U.S. at 105.

As to performance, the central question is whether "an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Id*. at 88 (quoting *Strickland*, 466 U.S. at 690).  The Supreme Court said in *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986): "The

7

reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential."

Second, the petitioner must show that his attorney's deficient performance "prejudiced [his] defense." **Strickland**, 466 U.S. at 687. To satisfy the "prejudice prong," a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Id**. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceedings. **Id**.

As the Supreme Court said in **Padilla** [**v. Kentucky**], 559 U.S. at 371 [(2010)], "Surmounting **Strickland's** high bar is never an easy task." A petitioner is not entitled to post-conviction relief based on prejudice where the record establishes that it is "not reasonably likely that [the alleged error] would have made any difference in light of all the other evidence of guilt." **Berghuis v. Thompkins**, 560 U.S. 370, 390 (2010).

A court need not address both components if one is dispositive. **Jones v. Clarke**, 783 F.3d 987, 991 (4th Cir. 2015). This is because the petitioner must prove both prongs in order to prevail; failure to satisfy either prong is fatal to a petitioner's claim. **Fields v. Attorney Gen. of Maryland**, 956 F.2d 1290, 1297-99 (4th Cir. 1985). As a result, "there is no reason for a court . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." **Strickland**, 466 U.S. at 697. Thus, a court

> "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.
>
> *Wilson v. United States*, 2016 WL 1366024, *12–13.

Here, petitioner sets forth several bases for ineffective assistance of counsel. The Court finds he is unable to meet the *Strickland* test for any of the alleged grounds.

First, petitioner argues that his counsel was ineffective for failing to object to the prosecutor's statements regarding the purity level of the tested methamphetamine. As set forth above, the prosecutor's statements at sentencing accurately conveyed the results of the chemical analysis report. Further, the Court notes that petitioner's counsel did push back on the prosecutor's characterization, pointing out that the other sample showed a purity of only 11 percent. Accordingly, petitioner is unable to show that his counsel's performance fell below an objective standard of reasonableness.

Second, petitioner also argues that his counsel failed to file an appeal of his conviction. However, respondent's response, supported by a statement submitted by Lisa Green, contends that petitioner informed his counsel that he did not wish to file an appeal. Indeed, petitioner's trial counsel summarizes their post-sentencing conversation as follows:

> It my (sic) recollection that following the Sentencing Hearing, I requested the Court to allow Petitioner to remain in the courtroom to discuss the appeal issue because I was located three-and-a-half hours away from the Regional Jail where Petitioner was then housed. The Marshals allowed us to remain at the defense counsel table. I then reminded him of his appeal

9

waiver to which he agreed in the plea agreement at Paragraph 12.b. I then explained that because of that waiver, any appeal would mostly likely (sic) be deemed meritless. Petitioner indicated he understood and did not wish to pursue an appeal. We ended the conversation with – and I am paraphrasing – Petitioner stating, "I'll let you know if I change my mind" and wanted me to file an appeal.

[Doc. 986-7 at 1].

Petitioner has produced no credible evidence demonstrating that he requested that his counsel file a direct appeal. Counsel cannot be ineffective for failing to file an appeal that was never requested. Accordingly, this claim should be denied.

Next, turning to petitioner's third ground, the Court finds that petitioner is unable to establish ineffective assistance of counsel by Darrell Ringer in making "contradicting statements" or in the loss of an earlier plea agreement. As to the contradictory statements, as the Government points out, this vague accusation "comes nowhere close" to showing ineffective assistance of counsel. [Doc. 986 at 11]. Further, even assuming, *arguendo*, that the unidentified statements fell below an objective standard of reasonableness, petitioner is unable to meet the second prong of **Strickland**: petitioner was not prejudiced because Mr. Ringer was removed from the case and petitioner was provided competent counsel by Ms. Green. Similarly, petitioner is unable to demonstrate any prejudice that resulted from Mr. Ringer's alleged loss of a plea agreement. As the Government summarizes, "the plea offer the government offered through Ms. Green that Mr. Casto ultimately accepted was substantively identical to the only other plea offer

extended to Mr. Casto, the one sent to Mr. Ringer." [Doc. 986 at 12]. Accordingly, this claim should be denied.

Finally, the Court finds that petitioner is unable to meet the performance prong of **Strickland** as to his final claim. Petitioner contends that he asked Mr. Ringer to file "a motion to have my discovery sealed for being 11 days late . . . . He stated it was not needed. I filed a motion pro se and the judge would not entertain it for not being filed by my counsel." [Doc. 900 at 11]. The Initial Scheduling Order in this case ordered that the United States Attorney would provide defendant's counsel with copies of pre-trial discovery and inspection no later than October 12, 2018. [Doc. 101 at 1]. In a *pro se* motion, petitioner complained that he did not receive the disclosure until October 12, 2018, and cited a sheet given to him at arraignment which listed an earlier disclosure date of October 5, 2018. [Doc. 207]. Clearly, the Scheduling Order governed the deadline in question and the Government provided the discovery within that deadline. It would have been frivolous for Mr. Ringer to file a motion arguing otherwise, and it certainly did not amount to incompetence under prevailing professional norms to decline to do so. Accordingly, this claim should be denied.

## V.   RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [**Civil Action Number 1:20-CV-45 Doc. 1; Criminal Action Number 1:18-CR-46-2 Doc. 895**] be **DENIED** and **DISMISSED with prejudice**. Further, the undersigned recommends that the pending Motions to Appoint Counsel [**Docs. 985 & 1018**] be **DENIED**.

Within fourteen days after service of this Report and Recommendation, the petitioner may file with the Clerk of this Court**, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**.  A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave  to exceed the page  limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the  petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED**:  March 31, 2022.

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE