IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

PAUL CASTO,

      Petitioner,

v.                                     Civ. Action No. 1:20-CV-45
                                       Crim. Action No. 1:18-CR-46-2
                                                 (Kleeh)

UNITED STATES OF AMERICA,

      Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 1054] AND OVERRULING OBJECTION [ECF NO. 1067]

On March 13, 2020, the pro se Petitioner, Paul Casto ("Petitioner"), filed *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (the "Motion"). [ECF No. 895].[1] The Motion raises challenges of ineffective assistance of counsel and prosecutorial misconduct. Id.

### I. REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi for initial review. On March 31, 2022, the Magistrate Judge entered a Report and Recommendation ("R&R") [ECF No. 1054],

---

[1] Unless otherwise noted, all docket numbers refer to Criminal Action No. 1:18CR46-2.

**Paul Casto**                                                    **1:18cr46-2**

### ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 1054] AND OVERRULING OBJECTION [ECF NO. 1067]

recommending that the Court deny the Motion and dismiss the case with prejudice. Id.

The R&R also informed the parties regarding their right to file specific written objections to the magistrate judge's report and recommendation. Under Local Rule 12 of the Local Rules of Prisoner Litigation Procedure of the Northern District of West Virginia, "[a]ny party may object to a magistrate judge's recommended disposition by filing and serving written objections within fourteen (14) calendar days after being served with a copy of the magistrate judge's recommended disposition." LR PL P 12. Therefore, parties had fourteen (14) calendar days from the date of service of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection." The R&R further warned them that the "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." The docket reflects that Petitioner accepted service of the R&R on April 4, 2022. [ECF No. 1055]. Petitioner timely filed a document purporting to be his objections to the R&R on April 18, 2022. [ECF No. 1067].

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely

Paul Casto                                                    1:18cr46-2

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 1054] AND
OVERRULING OBJECTION [ECF NO. 1067]**

made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt,
without explanation, any of the magistrate judge's
recommendations" to which there are no objections. Dellarcirprete
v. Gutierrez, 479 F. Supp. 2d 600, 603–04 (N.D.W. Va. 2007) (citing
Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will
uphold portions of a recommendation to which no objection has been
made unless they are clearly erroneous. See Diamond v. Colonial
Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

   "When a party does make objections, but these objections are
so general or conclusory that they fail to direct the district
court to any specific error by the magistrate judge, de novo review
is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730
(S.D. W. Va. 2009) (emphasis added) (citing Orpiano v. Johnson,
687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection
is made to a portion of a magistrate judge's report-recommendation,
the Court subjects that portion of the report-recommendation to
only a clear error review." Williams v. New York State Div. of
Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2
(N.D.N.Y. July 12, 2012).

   A party waives any objection to an R&R that lacks adequate
specificity. See Mario v. P & C Food Markets, Inc., 313 F.3d 758,
766 (2d Cir. 2002) (finding that a party's objections to the
magistrate judge's R&R were not specific enough to preserve the

Paul Casto                                                    1:18cr46-2

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 1054] AND
OVERRULING OBJECTION [ECF NO. 1067]**

claim for review). Bare statements "devoid of any reference to
specific findings or recommendations . . . and unsupported by legal
authority, [are] not sufficient." Mario, 313 F.3d at 766. Pursuant
to the Federal Rules of Civil Procedure and this Court's Local
Rules, "referring the court to previously filed papers or arguments
does not constitute an adequate objection." Id.; see also Fed. R.
Civ. P. 72(b); LR PL P 12.

## II.  APPLICABLE LAW

28 U.S.C. § 2255(a) permits a federal prisoner who is in
custody to assert the right to be released if (1) "the sentence
was imposed in violation of the Constitution or laws of the United
States," (2) "the court was without jurisdiction to impose such
sentence," or (3) "the sentence was in excess of the maximum
authorized by law, or is otherwise subject to collateral attack."
A petitioner bears the burden of proving any of these grounds by
a preponderance of the evidence. See Miller v. United States, 261
F.2d 546, 547 (4th Cir. 1958).

To succeed on an ineffective assistance of counsel claim, the
"petitioner must show, by a preponderance of the evidence, that
(1) 'counsel's performance was deficient,' and (2) 'the deficient
performance prejudiced the defense.'" Beyle v. United States, 269
F. Supp. 3d 716, 726 (E.D. Va. 2017) (quoting Strickland v.
Washington, 466 U.S. 668, 687 (1984)). "The [p]etitioner must

4

Paul Casto                                                    1:18cr46-2

## ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 1054] AND
## OVERRULING OBJECTION [ECF NO. 1067]

'satisfy both prongs, and a failure of proof on either prong ends the matter.'" Beyle, 269 F. Supp.3d at 726 (quoting United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004)).

To satisfy the first prong, a petitioner must show that counsel's conduct "fell below an objective standard of reasonableness . . . under prevailing professional norms." Strickland, 466 U.S. at 687–88. But "[j]udicial scrutiny of counsel's performance must be highly deferential" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id.

To satisfy the second prong, the petitioner must show that his counsel's error was not a harmless error, but prejudicial to the outcome of the case. Id. at 694. When the petitioner has entered into a plea agreement, he "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Paul Casto                                                    1:18cr46-2

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 1054] AND
OVERRULING OBJECTION [ECF NO. 1067]**

### III. PETITIONER'S OBJECTION

Petitioner filed a six (6) page handwritten document from which the Court gathers several grievances, but only three (3) specific written objections, identifying the portions of the R&R to which objection is made, and the basis of such objection. [ECF No. 1067]. The Court addresses each objection in turn.

1. **Objection 1: The Court's acceptance of the Prosecutor's statement as to drug purity is an insufficient basis for release under 28 U.S.C. § 2255.**

The record shows the methamphetamine purity at issue in Petitioner's objection was "100% ± 4%." ECF No. 986-2. Nothing in the record shows the Court "accepted [the Prosecutor's statement] as fact." Instead, the record demonstrates the Court relied on the parties' stipulated ICE amount in paragraph 8 of the plea agreement, and sentenced Petitioner at the lowest end of the applicable guideline range as illustrated in the PSR, to which no objection was made. ECF No. 861. The Prosecutor's statement regarding the drug purity level of the controlled buy – that the drug purity was "in the 90s percent, and maybe even 100 percent," and "it was like a 100 or 99, or something ridiculous, percent" – was consistent with the DEA laboratory report for analyzing the methamphetamine Petitioner sold to the confidential informant on May 30, 2018, which determined that the substance had 100% purity level, with a margin of error of plus/minus 4%. ECF No. 986-2.

6

Paul Casto                                                    1:18cr46-2

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 1054] AND
OVERRULING OBJECTION [ECF NO. 1067]**

Petitioner brings nothing in his objection to show that the Court improperly relied on the Prosecutor's statements at sentencing. This objection is overruled.

   2. **Objection 2: Mr. Ringer's failure to address the drug purity level when he received the plea agreement, failure to contact Petitioner for months, and losing the plea agreement is insufficient proof of ineffective assistance of counsel.**

   Again, the Court applies "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Strickland</u>, 466 U.S. at 689. Petitioner has provided no evidence or argument not already included in his Motion to satisfy the prongs <u>Strickland</u> requires to make a determination of ineffective assistance of counsel. Petitioner is unable to demonstrate any prejudice that resulted from Mr. Ringer's alleged loss of a plea agreement or failure to contact Petitioner for months. As the Government summarizes, the plea offer ultimately accepted by Petitioner, with Ms. Green as counsel, was "substantively identical to the only other plea offer extended to Mr. Casto, the one sent to Mr. Ringer." ECF No. 986 at 12. Petitioner likewise cannot show prejudice by Mr. Ringer's alleged failure to discuss the drug purity level at issue in this case. Prior to Petitioner pleading guilty in this case, Mr. Ringer was removed from the case and Petitioner was provided competent counsel by Ms. Green, upon his <u>pro se</u> motion. The Court overrules this

7

Paul Casto                                                    1:18cr46-2

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 1054] AND
OVERRULING OBJECTION [ECF NO. 1067]**

objection.

3. **Objection 3: Ms. Green's failure to address the drug purity
   argument at sentencing, and that she was "unsure how to read
   the drug analysis, stating that it was 76% pure," are
   insufficient reasons to support a finding of ineffective
   assistance of counsel.**

Petitioner refers to two drug analyses here: (1) the
methamphetamine purity of the controlled buy resulting in Count 28
of the Indictment is 100% ± 4% [ECF No. 986-2] and (2) the
methamphetamine purity of the controlled buy resulting in the
offense of conviction, Count 30, is 11% methamphetamine. ECF No.
986-3. First, the sentencing transcript shows that Ms. Green did
push back on the Prosecutor's characterization of the drug purity
during the sentencing hearing, pointing out that the pleaded-to
offense showed a drug purity of only 11 percent. Accordingly,
Petitioner is unable to show that Ms. Green's performance fell
below an objective standard of reasonableness.

The Court likewise finds no basis in Petitioner's argument
that Ms. Green did not understand how to read the drug analysis.
The parties were referring to two drug analyses, one the controlled
buy on May 30, 2018, and the other of a controlled buy on June 7,
2018. In making her case for a variance, Ms. Green relied on the
laboratory results for the 7 grams of 11% methamphetamine which
Mr. Casto sold to the confidential informant on June 7, 2018, to
convince the Court to vary below the guideline range. ECF No. 986-

Paul Casto                                              1:18cr46-2

## ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 1054] AND OVERRULING OBJECTION [ECF NO. 1067]

3. Nothing in the record indicates Ms. Green did not understand the drug analyses, nor that Petitioner suffered any prejudice due to the drug purity discussion at the sentencing hearing other than the Court ruling against him. This objection is likewise overruled.

The Court finds that any other statements made by Petitioner in the objection are conclusory, restate the allegations contained in his Motion, and are not specific to the findings and recommendation of the Magistrate Judge with respect to the challenges raised in the Motion. Because Petitioner's remaining purported objections are insufficient, the Court is under no obligation to conduct a de novo review. The Court finds no clear error otherwise.

### IV.  DECISION

Accordingly, the Court **ADOPTS** the R&R [ECF No. 1054] and **OVERRULES** Petitioner's objections [ECF No. 1067]. The *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* is **DENIED and DISMISSED WITH PREJUDICE** [ECF No. 895]. Petitioner's pending *Motions to Appoint Counsel* [ECF Nos. 985, 1018] are **DENIED.**

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to counsel of record via electronic means and to the pro se Petitioner

Paul Casto                                              1:18cr46-2

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 1054] AND
OVERRULING OBJECTION [ECF NO. 1067]**

via certified mail, return receipt requested.

      **DATED:**  July 25, 2022

 

 

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA